THE STATE v. WILLIAM H. YARBOROUGH.

Under the Statute (Hart. Dig. Art. 481) against malicious disturbance of " any congregation assembled for religious worship, and conducting themselves in a peaceable and orderly manner, in and about any church, chapel, meeting-house, encampment or camp-meeting, enclosure, mosque, synagogue or temple, while attending any protracted or other religious meeting," an indictment charging that the congregation was assembled for the purpose of religious worship, in a certain house for religious worship, was held to be equivalent to a charge that the congregation was assembled for the purpose of religious worship in a meeting house ; and it was further held, that the indictment having alleged that the congregation was assembled for the purpose of religious worship, at such place, it was not necessary to add the words "while attending a protracted meeting," or the words " while attending a religious meeting."

The State v. Yarborough.

In an indictment for disturbing a religious meeting, it is not necessary to charge that the congregation was engaged at the time in any religious service or ceremony, or had commenced such service or ceremony at the time of the disturbance ; but it is sufficient to charge that the congregation was assembled for religious worship at a place designated in the Statute.

Appeal from Nacogdoches.　Tried below before the Hon. Archibald W. O. Hicks.

Indictment charging that the defendant, on the fifteenth day of April, in the year of our Lord, one thousand eight hundred and fifty-five, in the county aforesaid, with force and arms, did maliciously disturb, by fighting, swearing in a loud voice, and challenging to fight with weapons or otherwise, a congregation of men and women, then and there assembled at a meeting-house, situate in said county of Nacogdoches, known and called the Mount Moriah meeting-house, for the purpose of religious worship, the said congregation, so then and there assembled as aforesaid, then and there conducting themselves in a peaceable and orderly manner, contrary, &c.

The second count charged that the defendant on, &c., (same day,) with force and arms, in the county aforesaid, did wilfully and maliciously disturb a congregation, then and there assembled for the purpose of religious worship, at and in a certain house for religious worship, then and there situate in the said county of Nacogdoches, by assaulting and fighting one John Summers, then and there being, and by then and there cursing, swearing and challenging to fight, to the great terror of said congregation, so then and there assembled for religious worship as aforesaid, then and there conducting itself in a peaceable and orderly manner, contrary, &c.

Motion to quash on the ground that it was not charged that the congregation was engaged in any religious service or ceremony, or had commenced such at the time of the alleged disturbance ; that the presence of the defendant at the meeting was not charged ; nor that the fighting, challenging or swearing were seen or heard by the congregation ; that the indictment was vague and uncertain.

Motion sustained, &c.

The State v. Yarborough.

*Attorney General*, for appellant.

*S. M. Warner*, for appellee.

WHEELER, J.   The indictment pursues the Statute strictly in charging the offence. (Hart. Dig. Art. 481.) It manifestly is not obnoxious to any of the objections specified in the motion to quash.   The second count may have been thought liable to the objection sustained in the case of McClure, (13 Tex. R. 23,) that is, that it does not charge that the congregation were assembled at any one of the places mentioned in the Statute.   But that, I apprehend is not the case.   It charges that it was in a house for religious worship, which is an equivalent expression with "meeting-house ; " that being a house of worship.   It is not necessary in such a case, to use the very word employed in the Statute.   It is sufficient that an equivalent word is used. (The State v. Wapperman, 13 Tex. R. 33.)   The only ground of cavil, which is perceived is, that it is not averred that the congregation were " attending any protracted or other religious meeting."   But that is embraced in the averment that they were assembled for religious worship ; and it was unnecessary to repeat the same idea in the different forms of expression used in the Statute.   If the second count were bad, that did not warrant the quashing the first count, which was good. (King v. The State, 10 Tex. R. 281.)   But both counts were good and sufficient.   The judgment is reversed and the cause remanded.

Reversed and remanded.